PENNSYLVANIA RULES OF DISCIPLINARY ENFORCEMENT

Rule 208.  **Procedure.**

\*\*\*

(f)    Emergency temporary suspension orders and related relief.

\*\*\*

**(8)  Where a respondent-attorney has been temporarily suspended pursuant to paragraph (1) or paragraph (5) and more than two years have passed without the commencement of a formal proceeding, and it appears by an affidavit demonstrating facts that:**

**(i)  the respondent-attorney has not complied with conditions imposed in the order of temporary suspension or with the requirements of Enforcement Rule 217;**

**(ii)  the order of temporary suspension was based, in whole or in part, on the respondent-attorney's failure to provide information or records, and the respondent-attorney has not provided the information or records, or otherwise cured the deficiency;**

**(iii) the respondent-attorney has engaged in post-suspension conduct, by act or omission, that materially delays or obstructs Disciplinary Counsel's ability to fully investigate allegations of misconduct against the respondent-attorney;**

**(iv) the respondent-attorney's whereabouts are unknown, in that despite reasonably diligent efforts, Disciplinary Counsel has not been able to contact or locate the respondent-attorney for information or to serve notices or other process at the address provided by the respondent-attorney in the verified statement required by Enforcement Rule 217(e)(1) or at any other known addresses that might be current;**

**(v) a conservatorship of the affairs of the respondent-attorney has been appointed pursuant to Enforcement Rule 321; or**

**(vi) the respondent-attorney has not participated in proceedings before the Pennsylvania Lawyers Fund for Client Security in which an adjudicated claim has resulted in an award,**

**Disciplinary Counsel may petition the Court for the issuance of a rule to show cause why an order of disbarment should not be entered. The provisions of paragraph (1) apply to service of the petition upon the respondent-attorney by Disciplinary Counsel. Upon the filing by Disciplinary Counsel of an affidavit establishing compliance with the service requirements of paragraph (1), the Court may enter a rule directing the respondent-attorney to show cause why the respondent-attorney should not be disbarred, which rule shall be returnable within thirty days. The respondent-attorney shall serve a copy of any response on Disciplinary Counsel, who shall have fourteen days after receipt to file a reply.**

**(9) If a rule to show cause has been issued under paragraph (8), and the period for response has passed without a response having been filed, or after consideration of any responses, the Court may enter an order disbarring the respondent-attorney from the practice of law, discharging the rule to show cause, or directing such other action as the Court deems appropriate.**